UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FRANK MINAUDO *as Proposed Executor of the Estate of Mario Minaudo, Deceased*,

       *Plaintiff*,

– against –

SUNRISE AT SHEEPSHEAD BAY & GWC-SHEEPSHEAD BAY, INC.,

       *Defendants*.

---

**MEMORANDUM & ORDER**
23-cv-08685 (NCM) (VMS)

**NATASHA C. MERLE**, United States District Judge:

  Plaintiff Frank Minaudo commenced this action as the "proposed executor" of the estate of his late father, Mario Minaudo ("decedent"), against defendant GWC-Sheepshead Bay, Inc. *See* Compl., ECF No. 1-1.[1] Plaintiff's complaint asserts claims sounding in negligence, gross negligence, wrongful death, and for violations of New York Public Health Law arising from the decedent's contraction of COVID-19 while admitted at defendant's facility, which plaintiff alleges led to decedent's untimely death. *See generally* Compl. Plaintiff moves to amend the case caption to reflect his subsequent appointment as the executor of his father's estate. *See* Mot. to Amend ("Mot."), ECF No. 19. For the reasons stated below, plaintiff's motion is granted.

---

[1] Defendant GWC-Sheepshead Bay, Inc. ("defendant") claims that the co-defendant listed in the case caption, Sunrise at Sheepshead Bay, "is not a legal entity capable of being sued" because that "name is a common name to refer to the assisted living community located at 2211 Emmons Avenue, Brooklyn, NY." Answer, ECF No. 1-5 at 1 n.1. Both parties refer to "defendant" in the singular, which the Court adopts for the purposes of this Order.

1

## BACKGROUND

Decedent passed away on April 15, 2020 after allegedly becoming infected with SARS-CoV-2 and COVID-19 and developing respiratory distress and hypoxia. Compl. ¶ 70. Plaintiff alleges that decedent developed these illnesses while a resident at the defendant's nursing home, that defendant had a "longstanding history of failing to provide proper infection prevention and control procedures," and that this failure was a direct and foreseeable cause of decedent's passing. Compl. ¶¶ 71–72.

Plaintiff originally filed this complaint in Supreme Court of the State of New York, Kings County in March 2022. Mot. 2.[2] The action was subsequently removed to the Eastern District of New York in May 2022, before being remanded in January 2023. Mot. 2–3. The case was then transferred to Nassau County Supreme Court, before being transferred back to Kings County Supreme Court, and once again removed in November 2023. Mot. 3. During that time, plaintiff represents that he received preliminary letters testamentary from the Surrogate's Court in Kings County on July 19, 2023, and that these letters were re-issued on January 25, 2024. Mot. 2. Plaintiff then received permanent letters testamentary on November 20, 2024, which appointed him the administrator of his father's estate. Mot. 2.

Following the second removal to federal court, defendant filed, on November 27, 2023, a pre-motion conference request in anticipation of filing a motion for judgment on the pleadings. *See* First Pre-Motion Conference Request ("First PMC Req."), ECF No. 4. Defendant's pre-motion conference request made largely the same arguments as are made in opposition to the instant motion—that plaintiff lacks capacity to maintain the

---

[2]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

lawsuit. First PMC Req. 1. Upon review of the request, the Court set a briefing schedule for defendant's motion for judgment on the pleadings. *See* Order dated February 26, 2024. However, instead of filing the anticipated motion, defendant filed a letter stating that it would "not submit the anticipated motion," a decision for which defendant provided no explanation. *See* ECF No. 8.

Over one year later, defendant filed another pre-motion conference request, representing for the first time that it did not file the previously anticipated motion for judgment on the pleadings because "[p]laintiff [had] produced a New York Surrogate's Court order extending [p]laintiff's preliminary letters testamentary." *See* Second Pre-Motion Conference Request ("Second PMC Req.") 1, ECF No. 14. In response to this request, plaintiff represented that he was issued permanent letters testamentary appointing him as the administrator of his father's estate in the time between defendant's decision not to file the originally contemplated motion for judgment on the pleadings and the second pre-motion conference request. *See* Resp. to Second Pre-Motion Conference Request ("PMC Resp.") 1, ECF No. 15.

The Court thereafter directed the parties to brief plaintiff's request to proceed as the administrator of his father's estate. *See* Order dated June 2, 2025. Plaintiff moved to amend the case caption pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Mot. Defendant opposed. Resp. to Mot. to Amend ("Opp'n"), ECF No. 20. The parties appeared for a conference on July 1, 2025, after which the Court directed the parties to file supplemental letters addressing their respective positions on the motion and addressing whether substitution should be permitted pursuant to Rule 17(a)(3). *See* Minute Entry dated July 1, 2025. For the reasons stated below, plaintiff's motion is granted.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may "amend its pleading once as a matter of course" within 21 days after service of the complaint, a responsive pleading, or a motion to dismiss. Fed. R. Civ. P. 15(a)(1).[3] When a plaintiff may no longer amend as of right, he may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When considering a request for amendment, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

Additionally, Rule 17(a)(3) of the Federal Rules of Civil Procedure provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Substitution of plaintiffs "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997). Substitution under Rule 17(a)(3) "does not require joinder of a different person or party; a court can instead grant the named party leave to acquire the necessary representative status." *Wiwa v. Royal Dutch Petrol. Co.*, Nos. 96-cv-08386, 01-cv-01909, 02-cv-07618, 2009 WL 464946, at *10 n.34 (S.D.N.Y. Feb. 25, 2009). "Courts should

---

[3]   Throughout this opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

grant leave to join the real parties in interest if (1) the defect in the named plaintiffs plausibly resulted from mistake ('mistake' prong), and (2) correcting this defect would not unfairly prejudice defendants by changing the particulars of the claims against them ('prejudice' prong)." *Id.* at *10.

The claims plaintiff seeks to maintain against defendant require that he be a "personal representative" duly appointed to administer his father's estate. Pursuant to New York's wrongful death statute, "[t]he personal representative, duly appointed in this state or any other jurisdiction, of a decedent . . . may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death[.]" N.Y. Est. Powers & Trusts ("EPTL") § 5-4.1(1). Such an action must be brought "within two years after the decedent's death." *Id.* Plaintiff's remaining personal injury claims are subject to a three year statute of limitations which begins to run from the date of the alleged injury. *See* N.Y. Civil Practice Law and Rules ("CPLR") § 214(5); *Haynes v. Williams*, 79 N.Y.S.3d 365, 367 (2018). These claims are brought pursuant to New York's survival statute which provides that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed," and that these claims "may be brought or continued by the personal representative of the decedent." EPTL § 11–3.2(b). A "personal representative" under both statutes is defined as "a person who has received letters to administer the estate of a decedent." EPTL § 1–2.13.

## DISCUSSION

Plaintiff's father, Mario Minaudo, passed away on April 15, 2020. Compl. ¶ 70. Defendant argues, and plaintiff does not dispute, that the COVID-19 pandemic tolled the statute of limitations for filing deadlines in New York courts for a period of 228 days.

Opp'n 2. Thus, the statute of limitations for plaintiff's wrongful death claim expired on November 29, 2022, and the statute of limitations for his survival claims expired on November 29, 2023.[4]

In support of his motion to amend the case caption, plaintiff argues that courts in this Circuit have allowed substitution to replace invalid estate administrators pursuant to Rule 17(a)(3). Letter in Further Support of Pl.'s Mot. to Amend ("Reply") 2, ECF No. 22. In opposition, defendant argues that because plaintiff filed the March 2022 complaint as a proposed executor rather than a duly appointed personal representative, the March 2022 complaint is a "nullity," and any attempted amendment cannot resurrect the claims that have subsequently become time-barred. Opp'n 1. For the reasons stated below, the Court agrees with plaintiff's view.

Plaintiff brings claims for wrongful death, negligence, gross negligence, and violation of New York Public Health Law § 2801-D. *See* Compl. ¶ 5. Plaintiff does not dispute defendant's claim that the statute of limitations on these claims expired prior to plaintiff's appointment as administrator of his father's estate on November 20, 2024. *See* Letters Testamentary; Reply 4. Nevertheless, plaintiff argues that substitution to reflect his appointment as the administrator of his father's estate is appropriate under Rule 17(a)(3) of the Federal Rules of Civil Procedure because the motion to amend "is made

---

[4] Defendant contends that the statute of limitations for the survival claims and wrongful death claims ran on January 18, 2023 and January 18, 2024, respectively. Opp'n 2. Defendant calculates this date by using June 4, 2020 as decedent's date of death. Opp'n 2. However, plaintiff's complaint alleges that decedent passed away on April 15, 2020, *see* Compl. ¶ 70, which is confirmed by the preliminary and permanent letters testamentary issued by the Surrogate's Court, *see* Mot. Ex. 1 ("Letters Testamentary"), ECF No. 19-1; Mot. Ex. 2 ("Preliminary Letters"), ECF No. 19-2. Accordingly, April 15, 2020 is the date of decedent's death from which the Court calculates the date of expiration of the statute of limitations at issue in this motion.

within a reasonable time after [his] appointment," and substitution would not change any of the facts or circumstances underlying the complaint, nor would it prejudice the defendant. Reply 1–2.

Courts in this Circuit "have allowed substitution to replace invalid estate administrators under Rule 17(a)(3)," including in circumstances where the plaintiff was not a duly appointed executor, administrator, or personal representative at the time the lawsuit was commenced, and where such appointment did not occur until after the statute of limitations on the claim had run. *Eisner v. United States*, No. 21-cv-06834, 2025 WL 638547, at *9 (E.D.N.Y. Feb. 26, 2025); *see also Fletcher v. City of New London*, 16-cv-00241, 2017 WL 690533, at *5 (D. Conn. Feb. 21, 2017) (finding that named plaintiff, the estate of the decedent, "lacked capacity to sue . . . when it filed the initial complaint," but that substitution under Rule 17 was nevertheless appropriate even if Connecticut law would consider the original complaint a "nullity"); *Yien-Koo King v. Wang*, 14-cv-07694, 2018 WL 1478044, at *6 (S.D.N.Y. Mar. 26, 2018) (allowing plaintiff to substitute herself pursuant to Rule 17 after appointment as preliminary executrix because the appointment was "essentially a technical change that in no way alters the factual allegations in the amended complaint"); *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498–99 (E.D.N.Y. 1996) (rejecting argument that plaintiff's complaint should be dismissed because plaintiff was not named as an administratrix of her husband's estate at the time the complaint was filed, finding such a result would be "contrary to the liberal policy underlying [Rule 17(a)]").

Here, the Court finds that plaintiff has satisfied the "mistake" prong of Rule 17, as "lateness in obtaining and pleading . . . appointment as execut[or] is the kind of technical mistake apparently contemplated by Rule 17(a)." *Brohan ex rel. Brohan v. Volkswagen*

7

*Mfg. Corp. of Am.*, 97 F.R.D. 46, 48–49 (E.D.N.Y. 1983). Further, more than a year ago, defendant declined to file a motion for judgment on the pleadings after the date on which it claims that the statute of limitations for all of plaintiff's claims expired. Defendant then waited approximately eight months after the expiration of plaintiff's preliminary letters testamentary to again seek to dismiss the claims, which resulted in the issue being briefed to this Court for the first time approximately three years after this action was originally filed. Thus, any argument that allowing substitution at this stage causes defendant prejudice is meritless. The Court finds the second prong, the "prejudice" prong, weighs in favor of allowing plaintiff to amend the case caption because this amendment will not "chang[e] the particulars of the claims against [the defendant]." *See Wiwa*, 2009 WL 464946, at *10 & n.34.

Additionally, the Court finds that allowing plaintiff to substitute himself as the administrator of his father's estate aligns with one of the foundational cases underlying Rule 17. The Advisory Committee notes to Rule 17 state that Section (a)(3), at issue here, was "intended to insure against forfeiture and injustice—in short, to codify in broad terms the salutary principle of *Levinson v. Deupree*, 345 U.S. 648 (1953)." Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment. In *Levinson*, the Supreme Court considered a case where the plaintiff lacked the capacity to sue at the time he filed his original complaint because he had been appointed estate administrator in the wrong county. Under the relevant state law in that case, the administrator's incorrect appointment was void, and the applicable statute of limitations would have barred a new suit. The Court nevertheless allowed the plaintiff to amend his complaint to allege his new, correct, appointment. *Id.* at 652.

8

While defendant cites to out-of-circuit authority which indicates that Rule 17 should not be "distorted by parties to circumvent the limitations period," and should not be used to allow lawyers to file placeholders actions "to keep a limitations period open while they . . . track down the proper parties," the Court does not find that either circumstance is applicable here. Letter Not Withdrawing Def.'s Obj. to Pl's Mot. to Amend ("Further Opp'n"), ECF No. 21 at 3 (first quoting *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 563 (3d Cir. 2008); and then quoting *Hernandez v. Smith*, 793 F. App'x 261, 266 (5th Cir. 2019)). Here, there is no indication that plaintiff was attempting to circumvent the statute of limitations. Indeed, plaintiff, who is now deemed the executor of the estate, is the same individual named as the proposed executor in the original complaint. This seems to indicate that rather than filing a "placeholder," plaintiff filed the suit while taking the appropriate steps to ultimately be deemed the executor of the estate.

Defendant also attempts to distinguish *Purcell ex rel. Estate of Tyree v. City of N.Y.*, No. 18-cv-03979, 2020 WL 2559796 (E.D.N.Y. May 19, 2020), another case in which the court allowed substitution under Rule 17 to allow claims to be brought by an administrator appointed after the filing of the action. Defendant notes that, in that case, the defendants did not specifically raise the plaintiff's lack of capacity as an affirmative defense. *See* Further Opp'n 3. Defendant argues that the rationale behind *Purcell* is inapplicable because, in the instant case, defendant raised plaintiff's lack of capacity as an affirmative defense in its answer. *See* Answer, ECF No. 1-5 ¶ 10.

However, this argument does not acknowledge that defendant declined to brief a motion for judgment on the pleadings on the lack of capacity issue in March of 2024. Instead of filing its motion, on March 13, 2024, defendant filed a letter stating that "it will not submit the anticipated motion for a judgment on the pleadings[.]" ECF No. 8.

9

Approximately one year later, in April 2025, defendant filed a new pre-motion conference letter, representing that it had previously declined to file its anticipated motion because "[p]laintiff produced a New York Surrogate's Court order extending [p]laintiff's preliminary letters testamentary," and then wished to make its motion for judgment on the pleadings because that extension had expired. Second PMC Req. 1. Accordingly, defendant had apparently previously taken the position that plaintiff's preliminary letters testamentary gave plaintiff capacity to bring the suit, and it was only upon the expiration of those letters that plaintiff no longer had capacity. *See* Second PMC Req. 2 ("Plaintiff *now* lacks the . . . legal capacity [to] bring an action on behalf of the estate of Mario Minaudo[.]" (emphasis added)). However, by the time defendant made its second pre-motion conference request, plaintiff had been issued permanent letters testamentary appointing him administrator of his father's estate. *See* Second PMC Req. (filed on April 1, 2025); PMC Resp. 1 (representing plaintiff was appointed administrator of his father's estate in November 2024). Thus, as in *Purcell*, plaintiff cured any defect prior to defendant attempting to move to dismiss based on lack of plaintiff's capacity to bring this suit. *See Purcell*, 2020 WL 2559796, at *3.

Accordingly, this Court joins others in this Circuit which have found that substitution is appropriate where the plaintiff has been issued letters testamentary enabling the plaintiff to pursue claims on behalf of the estate, even if those letters were issued after the relevant statute of limitations on those claims has run. The Court finds that substitution serves the interests of justice, where defendant's actions indicate they will suffer no prejudice in allowing substitution, and where defendant has had notice of the allegations against it since the filing of the original complaint in March 2022. *Advanced Magnetics*, 106 F.3d at 20 (allowing substitution "to avoid injustice").

10

## CONCLUSION

For the reasons stated herein, plaintiff's motion is GRANTED. The Clerk of Court is respectfully directed to substitute "Frank Minaudo as the Executor of the Estate of Mario Minaudo, Deceased," for "Frank Minaudo as the Proposed Executor of the Estate of Mario Minaudo, Deceased," in the caption of this case.

The case is referred to the Honorable Vera M. Scanlon, United States Magistrate Judge, for pretrial supervision.

The Court notes that fact discovery in this case was ordered to be completed on March 28, 2025, all discovery closed on August 30, 2025, dispositive motion practice was scheduled to be initiated by September 30, 2025, and a Joint Proposed Pretrial Order was due to be filed by October 30, 2025. *See* Order dated May 16, 2024. Nevertheless, despite the pending court order, at the July 1, 2025 conference before the undersigned, the parties represented that very little, if any, discovery had taken place, and they offered no explanation for their failure to abide by a court order or request an extension. To date, despite there being no stay of discovery or of the case, the Court has no indication that the parties have completed discovery. Thus, by December 8, 2025, the parties shall file with the magistrate judge a status update as to discovery and, if necessary, a proposed schedule to complete discovery. Given the amount of time the action has been pending and the parties' noncompliance with the previous court order, the Court expects the parties' case management plan to provide for: (1) the completion of all discovery by June 30, 2026; (2) the commencement of dispositive motion practice by July 31, 2026; and, (3) if no dispositive motion practice will be taken, the filing of a Joint Proposed Pretrial Order by August 31, 2026.

In the event discovery is already complete, the parties shall initiate dispositive

11

motion practice by December 22, 2025 or file a Joint Proposed Pretrial Order by January 6, 2026.

No further adjournments or extension requests, even on consent, will be granted absent extraordinary circumstances of an unforeseeable nature.

**SO ORDERED.**

                                         _/s/ Natasha C. Merle_
                                         NATASHA C. MERLE
                                         United States District Judge

Dated:        November 7, 2025
                Brooklyn, New York